UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MORGAN ROBERTS,<br><br>Plaintiff(s),<br>v.<br><br>NUNA BABY ESSENTIALS INC.,<br><br>Defendant(s). | CASE NO. C25-2209-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL |

Plaintiff Morgan Roberts filed this putative class action against a car seat manufacturer, Defendant Nuna Baby Essentials Inc. ("Nuna"), alleging that more than 600,000 of Nuna's RAVA car seats had safety defects. Dkt. Nos. 1-1, 44. Roberts filed a motion to seal exhibits attached to the declaration of her counsel Beth Terrell, submitted in support of Roberts' motion for leave to amend the complaint, and to redact references to those exhibits contained in Terrell's declaration itself as well as Roberts' motion for leave to amend. Dkt. No. 55. The exhibits include (1) customer complaints Nuna received regarding the RAVA; (2) internal communications between members of Nuna's customer service, quality assurance, product, and legal departments regarding customer complaints and other issues relevant to this litigation; and (3) personal identifying information of Nuna's customers that appears in their complaints. *See* Dkt. No. 64 at 5. The information at issue is classified "confidential" or "highly confidential" in an applicable protective order. *See* Dkt. No. 55 at 1. Thus, when Roberts referenced this information in her motion for

leave to amend and attached the information as exhibits to the accompanying Terrell declaration, she protectively filed the motion and some of the exhibits attached to the declaration under seal. Dkt. Nos. 57, 58.

Roberts filed a motion requesting that the personal identifying information of Nuna customers remain under seal, but that she be permitted to reference on the public docket the other two categories of information. Dkt. Nos. 55, 67. Nuna, on the other hand, requests that all of the information remain under seal. Dkt. No. 64. As to the customer complaints and the internal Nuna communications, Nuna argues that disclosing this information to the public would allow its competitors to gain an advantage in a competitive marketplace. *Id*. at 5–7.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 587, 597 & n.7 (1978)); *see also* Local Rule W.D. Wash LCR 5(g) ("There is a strong presumption of public access to the court's files."). The Court treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions:

> Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180. "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "For good cause to

exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Here, Roberts seeks to reference the disputed information in connection with a motion for leave to amend the complaint, which is not a dispositive motion.[1] *Continental Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 250–51 (3d Cir. 1998) (noting that a motion to amend is not dispositive). The Court finds that the "good cause" standard applies here, although either standard is easily met with respect to the third category of information: the Nuna customers' personal identifying information. The Court agrees with the parties that there is no reason not to protect the privacy of these non-parties, and the motion to seal is granted with respect to this category of information.

But as to the first two categories of information, the Court finds that Nuna has not met its burden to show that this information should remain under seal. The customer complaints (the first category of disputed information) were lodged with respect to an item subject to a public recall, and Nuna has not explained how its competitors could use those complaints to harm Nuna. None of the cases cited by Nuna involves a recall (Dkt. No. 64 at 5–6), and Nuna fails to account for the fact that its competitors are already aware of RAVA defects because of the recall, even if the customer complaints were not made publicly available. *See In re Nuna Baby Essentials Rava Litig.*, No. 25-cv-01284-AMO, 2026 WL 1896220, at *2 (N.D. Cal. July 1, 2026). Nuna's blanket assertion that the customer complaints constitute "sensitive business information" is insufficient to justify sealing.

[1] But even if the Court were to find that the disputed information is sufficiently tied to the merits of the case to warrant applying the higher "compelling reasons" standard, that the Court finds that because Nuna has not satisfied the lower standard for two categories of information, Nuna has not satisfied the higher standard, either.

Likewise, Nuna has failed to show that the second category of documents—Nuna's internal communications regarding customer complaints and other issues relevant to this litigation—contains sensitive business information that could expose Nuna to harm if it were publicly known. Nuna notes that courts often permit trade-secret information to remain under seal, but has failed to argue let alone establish that the information at issue here constitutes trade secrets. *See* Dkt. No. 64 at 7. How Nuna processes and responds to customer complaints does not constitute a trade secret, nor has Nuna explained how its competitors could use this information to harm Nuna. Nuna speculates that allowing public access to this category of information "risks chilling candid internal analysis and undermining the effectiveness of safety and quality systems" (*id.*), but this conclusory argument is not sufficiently tied to the particular information that Nuna seeks to protect. Again, Nuna's generalized characterization of this information as "sensitive" is insufficient to meet its burden to justify sealing. *See In re Nuna Baby Essentials Rava Litig.*, 2026 WL 1896220, at *2.

For these reasons, the Court GRANTS IN PART and DENIES IN PART Roberts' motion to seal. Dkt. No. 55. The clerk shall UNSEAL the unredacted version of Roberts' motion for leave to amend the complaint. Dkt. No. 57. No later than September 8, 2026, Roberts shall file unredacted versions of the sealed exhibits attached to the Terrell declaration (Dkt. No. 58), with only the personal identifying information of Nuna's customers redacted. If entire pages or exhibits consist predominantly of such information and cannot be meaningfully redacted, sealing those pages or exhibits is appropriate, combined with public filing of cover pages or context as feasible.

Dated this 1st day of September, 2026.

Kymberly K. Evanson
United States District Judge