UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MORGAN ROBERTS,<br>Plaintiff(s),<br>v.<br>NUNA BABY ESSENTIALS INC.,<br>Defendant(s). | CASE NO. C25-2209-KKE<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT |

Plaintiff Morgan Roberts filed this putative class action against a car seat manufacturer, Defendant Nuna Baby Essentials Inc. ("Nuna"), alleging that more than 600,000 of Nuna's RAVA car seats had safety defects. Dkt. No. 1-1. The Court previously granted in part and denied in part Nuna's first motion to dismiss, and Roberts filed an amended complaint. Dkt. Nos. 39, 44. Nuna then filed a second motion to dismiss. Dkt. No. 45.

On the eve of an oral argument scheduled on that motion, Roberts sought to amend the complaint to account for documents recently obtained via discovery in other similar lawsuits Nuna is defending around the country. Dkt. No. 53 at 4. When Roberts conferred with Nuna about this issue, Nuna offered to withdraw parts of its pending motion to dismiss that it believed were impacted by the new information and to submit the remainder of the motion on the papers (rather than go forward with oral argument). Dkt. No. 61 at 3. Roberts rejected this offer, and instead filed a motion seeking leave to amend the complaint. Dkt. No. 53. Nuna opposes this motion as

"odd" and inefficient, insisting that its preferred method of accounting for the new information—withdrawing arguments from the motion to dismiss—would avoid unnecessary delay and prejudice. Dkt. No. 61.

A party may amend its pleading once as a matter of course, and thereafter "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2).[1] "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation modified), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "The opposing party bears the burden to show why leave to amend should not be granted." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

Nuna's opposition assumes that withdrawing portions of the pending motion to dismiss is superior to amending the complaint, such that Roberts' proposed course of action is futile and prejudicial due to ensuing delay. Dkt. No. 61. The Court disagrees. There is value to Roberts and the Court in ensuring that an operative complaint accurately reflects the claims at issue. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005 (S.D. Cal. 2021) (the "allegations in a complaint generally dictate what evidence is discoverable"). Moreover, Roberts has shown that her proposed new allegations are "relevant to multiple arguments in Nuna's pending motion to dismiss—not just those that Nuna has partially

[1] Because the Court has not yet entered a case schedule setting a deadline for amended pleadings (*see* Dkt. No. 25), Federal Rule of Civil Procedure 16 is not implicated.

withdrawn." Dkt. No. 66 at 2. Nuna withdrawing portions of its motion to dismiss would therefore not serve the same purpose as amending the complaint, and Nuna has not shown that any ensuing delay would result in undue prejudice. Accordingly, Nuna has failed to meet its burden to show that Roberts should not be granted leave to amend her complaint.

The Court therefore GRANTS Roberts' motion for leave to amend her complaint. Dkt. No. 53. Roberts may file an amended complaint no later than September 4, 2026. The Court TERMINATES Nuna's pending motion to dismiss (Dkt. No. 45) as moot, and Nuna may file an updated motion with respect to the forthcoming complaint no later than September 25, 2026.[2]

Dated this 1st day of September, 2026.

Kymberly K. Evanson
United States District Judge

[2] Nuna previously filed a marked-up version of its motion to dismiss to account for the withdrawn arguments (Dkt. No. 60-1), and may file a clean version of that motion or draft anew.