THE HONORABLE KYMBERLY K. EVANSON

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MORGAN ROBERTS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NUNA BABY ESSENTIALS, INC.,

Defendant.

NO. 2:25-cv-02209-KKE

**MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR: OCTOBER 23, 2026**



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. FACTUAL ALLEGATIONS AND BACKGROUND .......... 2

A. Nuna's Recall .......... 2

B. Plaintiff's Claims and Procedural History of the Case .......... 3

III. ARGUMENT .......... 7

A. Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6) .......... 7

1. Legal Standards .......... 7

2. Plaintiff's U.C.C. Express Warranty Claim (Count I) Should Be Dismissed. .......... 8

B. Plaintiff's Count for Failure to Disclose Material Facts (Count II) Should Be Dismissed. .......... 12

C. Plaintiff's Counts for Alleged Violations of the Washington Consumer Protection Act (Counts III and IV) Based on Claimed Misrepresentations Should Be Dismissed. .......... 15

IV. CONCLUSION .......... 18




CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arrow Transp. Co. v. A.O. Smith Co.*,
75 Wn.2d 843, 454 P.2d 387 (1969) .................... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................... 7

*Cashatt v. Ford Motor Co.*,
2020 WL 1987077 (W.D. WA April 27, 2020) .................... 14

*Central Wash. Refrig., Inc. v. Barbee*,
81 Wn. App. 212, 913 P.2d 836 (1996), *overruled on other grounds* at 133 Wn.2d 509, 946 P.2d 760 (1997) .................... 14

*Colonial Imports v. Carlton Northwest, Inc.*,
121 Wn.2d 726, 853 P.2d 913 (1993) .................... 13

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) .................... 2, 3

*Federal Signal Corp. v. Safety Factors*,
125 Wn.2d 413, 886 P.2d 172 (1994) .................... 9

*Gaines v. Valvoline LLC*,
2025 U.S. Dist. LEXIS 208177 (W.D. Wash. Oct. 22, 2025) .................... 8

*Gauthier v. AMF, Inc.*,
788 F.2d 634 (9th Cir. 1986) .................... 18

*Gerboc v. Context Logic, Inc.*,
867 F.3d 675 (6th Cir. 2017) .................... 16

*Graham v. American Honda Motor Co.*,
2025 U.S. Dist. LEXIS 172369 (N.D. Ill. Sept. 4, 2025) .................... 10



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778, 719 P.2d 531 (1986) .......... 10, 15

*Holmes v. Sahara Coal Co.*,
131 Ill. App.3d 666, 475 N.E.2d 1383 (1985) .......... 18

*Keyes v. Bollinger*,
31 Wn. App. 286, 640 P.2d 1077 (1982) .......... 16

*Krakauer v. Rec. Equip., Inc.*,
2024 U.S. Dist. LEXIS 65346 (W.D. Wash. March 29, 2024) .......... 10

*Maadanian v. Mercedes-Benz USA, LLC*,
No. 2:22-CV-00665-RSL, 2024 WL 1579658 (W.D. Wash. Apr. 11, 2024) .......... 11

*Oracle Int'l Corp. v. Rimini St., Inc.*,
123 F.4th 986 (2024) .......... 9, 10

*In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*,
764 F. Supp. 3d 1026 (W.D. Wash. 2025) .......... 11

*Reece v. Good Samaritan Hosp.*,
90 Wn. App. 574, 953 P.2d 117 (1998) .......... 10

*Repin v. State*,
198 Wn. App. 243, 392 P.3d 243 (2017) .......... 13

*Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
64 Wn. App. 553, 825 P.2d 714 (1992) .......... 16

*Sorrel v. Eagle Healthcare, Inc.*,
110 Wn. App. 290, 38 P.3d 1024, *review denied,* 147 Wn.2d 1016, 56 P.3d 992 (2002) .......... 16

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) .......... 10

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 7

*State v. Living Essentials*,
436 P.2d at 870 .......... 8, 9



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*,
119 Wn. 2d 334, 831 P.2d 724 (1992) .................................................................. 14

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ................................................................................ 2

*Vasquez v. L.A. County*,
487 F.3d 1246 (9th Cir. 2007) .............................................................................. 7

*Young v. Toyota Motor Sales, U.S.A.*,
196 Wn. 2d 310, 472 P.3d 990 (2020) .................................................................. 17

**Statutes**

15 U.S.C. §§ 1381, 1392 ........................................................................................ 2

RCW 7.72 *et seq.* ................................................................................................ 13

RCW 7.72.010(4) .................................................................................................. 14

RCW 19.86, *et seq*. ...................................................................................... 3, 14, 15

RCW 62A.2-313(a) ................................................................................................. 8

U.C.C. ................................................................................................................ 8, 14

**Other Authorities**

49 C.F.R. § 501.2 .................................................................................................... 2

37 C.J.S. Fraud § 78 .............................................................................................. 13

https://www.nhtsa.gov/car-seat/NUNA/RAVA/a__4248717 ...................................... 2

Rule 9(b) ................................................................................................................. 5

Rule 12(b)(6) ........................................................................................................ 4, 7



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION

Despite multiple attempts to amend her Complaint, the claims Plaintiff advances in her Second Amended Class Action Complaint ("Second Amended Complaint") remain flawed and cannot succeed because 1) the alleged affirmative misrepresentations Plaintiff advances are not actionable; 2) Plaintiff has failed to allege that she relied on the alleged affirmative misrepresentations; 3) Plaintiff has failed to allege a quasi-fiduciary duty to support her negligent misrepresentation claim; 4) the Washington Product Liability Act ("WPLA") preempts Plaintiff's negligent misrepresentation claim; and 5) Plaintiff has failed to allege any injury to her business or property, which is fatal to her Washington Consumer Protection Act ("CPA") claims.

Plaintiff's Second Amended Complaint is largely duplicative of her First Amended Class Action Complaint ("Amended Complaint"), which she filed on March 11, 2026 following this Court's February 20, 2026 ruling dismissing all but one of Plaintiff's claims. The Second Amended Complaint adds allegations relevant to only one issue – Plaintiff's allegation of Nuna's purported pre-sale knowledge to support her omissions theory of liability.

Otherwise, the Second Amended Complaint suffers from the same fatal shortcomings as those of the Amended Complaint. Plaintiff has abandoned her implied warranty cause of action, as well as her express warranty claim based on the Limited Warranty, which was limited to manufacturing defects. Her remaining claims for breach of express warranty based on website statements, negligent misrepresentation, and alleged violations of Washington's Consumer Protection Act all continue to suffer from the same deficiencies as the original complaint. Plaintiff's Second Amended Complaint still does not identify an actionable express warranty she relied on which addresses the only defect alleged. Plaintiff likewise fails to allege



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

a duty sufficient to support any negligent misrepresentation claim, and as a matter of law there is no such duty. Moreover, Plaintiff's negligent misrepresentation claim is preempted by the WPLA. Plaintiff's CPA claims fail because she does not allege an injury to her business or property. As such, the claims for express warranty and for violation of the CPA for unfair acts and deceptive acts must be dismissed.

## II. FACTUAL ALLEGATIONS AND BACKGROUND

### A. Nuna's Recall

The Court is already familiar with the background of this litigation from the briefing on Nuna's previous Motions to Dismiss Plaintiff's initial complaint and First Amended Complaint. None of the relevant background has changed. On December 18, 2024, Nuna and NHTSA announced a recall of Nuna's Rava model car seats manufactured between July 16, 2016, and October 25, 2023. Dkt. #72 at ¶ 56; *see* Declaration of Emily Harris, Ex. A (NHTSA letter dated December 18, 2024); Ex. B (Nuna's retailer notice dated December 19, 2024); Ex. C (Nuna's interim consumer notification letter dated January 15, 2025); Ex. D (Nuna's second consumer notification letter dated February 21, 2025).[1] The recall addresses an aspect of the Rava's design, by providing a fabric cover over the harness adjuster button.

The recall was approved and is overseen by NHTSA, the nation's primary regulator of roadway safety. *See* 15 U.S.C. §§ 1381, 1392; 49 C.F.R. § 501.2; Harris Decl., Ex. A ("NHTSA Recall No. 24C002"); Dkt #72 at ¶ 55, n.75 (incorporating https://www.nhtsa.gov/car-seat/NUNA/RAVA/a__4248717). Under the recall, Rava owners receive a free Remedy Kit that includes a cleaning kit and a new seat pad that covers the harness adjuster button which

[1] When deciding a motion to dismiss, courts may consider documents that are referenced in the complaint and are central to Plaintiff's claims. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

further reduces the potential debris accumulation that might interfere with the button's clamping mechanism. Plaintiff tries to make the remedy procedure seem complicated; it is anything but. The recall notice tells users to test the harness by pulling it to see if it holds properly. Harris Decl., Exs. C, D. As explained in the Remedy Kit instructions Plaintiff cites in the Second Amended Complaint, Dkt. #72 at ¶68, n.129, if the harness is working properly, the user does not need to clean the harness adjuster; the user can simply replace the seat cover, if the user wishes to do so, to help prevent debris from entering the harness adjuster area. According to the product manual, which Plaintiff references multiple times in the Second Amended Complaint, Dkt. #72 at ¶¶ 84-85, the seat cover is designed to be removed for cleaning. Harris Decl., Ex. E at 62-67.[2] If the harness is not working properly, the user is asked to clean the harness adjuster using a Phillips head screwdriver (provided) to remove two screws and a brush (also provided) to clean the harness adjuster mechanism. If a consumer is unable or unwilling to perform these steps, the consumer may send the Rava to Nuna, and Nuna will complete these steps at no charge and pay shipping costs. Harris Decl., Ex. D.

### B. Plaintiff's Claims and Procedural History of the Case

Plaintiff's initial Complaint asserted claims for breach of express warranty, breach of the implied warranty of merchantability, negligent failure to disclose material facts, violation of the CPA (RCW 19.86, *et seq*.) for unfair acts, and violation of the CPA for deceptive acts or practices (*id*.), on behalf of herself and all persons who purchased the Rava car seats in the State of Washington for personal use and not for resale. Dkt. #1-2 at ¶ 101. Plaintiff's claims in the initial Complaint rested on a purported design defect and alleged "misrepresentations" and

[2] The Court may consider the Rava instruction manual, which is incorporated by reference in the Second Amended Complaint. *Davis v. HSBC Bank Nevada, N.A.I*, 691 F.3d 1152, 1159-60 (9th Cir. 2012).



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

"omissions" that Nuna supposedly made online regarding its car seat's performance and safety. Although the initial Complaint contained language from Nuna's current advertising and marketing materials (Dkt # 1-2 at ¶¶ 2, 3, 4, 23-29, 105, 133, 162), it did not allege that Plaintiff ever viewed or relied on any such materials prior to purchase. *Id.*

Nuna moved to dismiss Plaintiff's initial Complaint for two major reasons: (1) Plaintiff's claims were barred by the doctrine of prudential mootness because the Rava recall was conducted under the authority and oversight of NHTSA to address the issue underlying Plaintiff's claims; and (2) all Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim. Dkt. #21.

At a February 11, 2026 hearing, after oral argument, this Court granted in part and denied in part Nuna's Motion to Dismiss. February 11, 2026 Motion Hearing Transcript ("Tr.") at 34:12-13. The Court granted Nuna's motion to dismiss the claim for breach of express warranty because (1) the Limited Warranty did not address the design defect described in the Complaint, and (2) Plaintiff failed to allege facts showing that she relied on or even saw prepurchase statements made in Nuna's advertising. *Id.* at 34:19-35:4. The Court granted Nuna's motion to dismiss the claim for breach of implied warranty because the complaint does not plead sufficient facts to permit the Court to infer that an exception to the privity requirement applied. *Id.* at 35:5-9. The Court granted Nuna's motion to dismiss the claim for negligent failure to disclose material facts because Plaintiff had not adequately pleaded that Nuna had presale knowledge of the defect such that it could have disclosed it to Plaintiff, assuming it had a duty to do so. *Id.* at 35:10-15. The Court granted Nuna's motion to dismiss the CPA claim based on deceptive acts or practices because (1) the Complaint lacked plausible allegations that Nuna knew or should have known the Rava was defective at the time of Plaintiff's purchase;



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and (2) the Complaint did not satisfy the heightened pleading standard of Rule 9(b), which applied because the Complaint alleged that Nuna's practices were fraudulent and that Nuna deliberately and knowingly concealed information from Plaintiff. *Id.* at 35:20-36:17. The Court denied Nuna's motion to dismiss Plaintiff's CPA claim for unfair acts or practices related to Plaintiff's allegation that the recall was inadequate and ineffective. *Id.* at 35:16-19.

The Court gave Plaintiff leave to amend the express and implied warranty claims, the negligent failure to disclose material facts claim, and the CPA claim for deceptive acts or practices. *See id.* 34-36. Plaintiff filed her Amended Complaint on March 11, 2026. Dkt. #44. Although the Amended Complaint made several surface-level revisions attempting to remedy the failings identified by this Court in its ruling on Nuna's Motion to Dismiss the original Complaint, the Amended Complaint ultimately contained the same fatal flaws.

Plaintiff's Amended Complaint dropped the implied warranty claim altogether, as well as the express warranty claim based on the Limited Warranty. *See* Dkt #44, Exhibit A at pp. 71, 73-76. The Amended Complaint also deleted allegations claiming that the 2023 refresh indicated Nuna's purported knowledge of the Defect. *See* Dkt #44, Ex. A at p. 76. The Amended Complaint made additional allegations with respect to Nuna's claimed awareness of incidents of the Defect (*see* Dkt #44 at ¶ 36; *cf.* Dkt #1-2 at ¶ 34), consumer complaints to NHTSA related to the alleged defect (*see* Dkt #44 at ¶ 45; *cf.* Dkt #1-2 at ¶ 44), delays in receiving the Remedy Kit (*see* Dkt #44 at ¶ 58; *cf.* Dkt #1-2 at ¶ 53), Nuna's customer service team's performance (*see* Dkt #44 at ¶ 60; *cf.* Dkt #1-2 at ¶ 55), installation of the Remedy Kit (*see* Dkt #44 at ¶ 68; *cf.* Dkt #1-2 at ¶ 63), the Remedy Kit's effectiveness (*see* Dkt #44 at ¶ 71; *cf.* Dkt #1-2 at ¶ 66), and the fabric replacement material in the Remedy Kit that did not match the original fabric color of the Rava (*see* Dkt #44 at ¶ 74; *cf.* Dkt #1-2 at ¶ 69). Plaintiff repeated



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the same marketing statements alleged in the original complaint. Dkt. #44 at ¶¶ 3, 26, 29, & 127-128; *cf.* Dkt #1-2 at ¶¶ 3, 24, 27, 119-120. But in the Amended Complaint, Plaintiff added the allegations that she had reviewed Nuna's website "at least a dozen times" prior to her Rava purchase, even though the initial Complaint made no mention of Plaintiff viewing Nuna's website even once. *See* Dkt #44 at ¶ 80; *cf.* Dkt #1-2 at ¶ 74.

On March 25, 2026, Nuna moved to dismiss the Amended Complaint on the grounds that: 1) the alleged affirmative misrepresentations are not actionable; 2) Plaintiff failed to allege she relied on the alleged affirmative misrepresentations; 3) Plaintiff failed to allege a quasi-fiduciary duty to support her negligent misrepresentation claim; 4) the Washington Products Liability Act preempts her negligent misrepresentation claim; 5) failure to allege injury; and 6) failure to allege pre-sale knowledge to support an omission theory. Dkt. 45.

While Nuna's Motion to Dismiss the Amended Complaint was pending, Nuna voluntarily produced nearly 40,000 pages of documents in this case and the five other related matters pending across the country. Declaration of Emily Harris, ¶ 2. In an effort to have the pleadings set in furtherance of efficient coordination, Nuna proposed to Plaintiff a formal narrowing of the pending motion to dismiss to withdraw argument based on failure to allege an omission theory. *Id.* Nuna even withdrew its motion to dismiss to the extent the motion was based on a failure to allege pre-sale knowledge to support an omission theory. Dkt. 60. Plaintiff rejected Nuna's offer and instead filed a Motion to Amend her Complaint (Dkt. 53), which the Court granted on September 1, 2026. Dkt. 70. Plaintiff filed her Second Amended Complaint on September 3, 2026. Dkt. 72.

Plaintiff's Second Amended Complaint is largely duplicative of the Amended Complaint. The Second Amended Complaint adds allegations relevant to only one issue –



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff's allegation of Nuna's purported pre-sale knowledge to support her omissions theory of liability, referencing Nuna's response to NHTSA's investigation into the alleged defect and consumer feedback. *See* Dkt #72 at ¶¶37-48. The Second Complaint revives Plaintiff's original allegations claiming that the 2023 refresh indicated Nuna's purported knowledge of the alleged defect. *See* Dkt #72 at ¶¶49-53.

## III. ARGUMENT

### A. Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6)

#### 1. Legal Standards

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*).



**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**2. Plaintiff's U.C.C. Express Warranty Claim (Count I) Should Be Dismissed.**

Despite making no mention of having viewed Nuna's website prior to her Rava purchase in the original Complaint, Plaintiff now alleges that she reviewed the website "at least a dozen times." *See* Dkt #44 at ¶ 80, Dkt #72 at ¶ 98 (*cf.* Dkt. #1-2 at ¶ 74). But Plaintiff's Express Warranty claim in the Second Amended Complaint still fails because she has not identified any actionable statement upon which she relied: the statements she identifies in the Second Amended Complaint that she allegedly relied on are too vague and unrelated to the Defect as described in the Second Amended Complaint to state a cause of action for breach of an express warranty.

For her breach of express warranty claim under the Washington Uniform Commercial Code, the Plaintiff must show a breach of an "affirmation of fact or promise that was made a part of the basis of the bargain . . ." RCW 62A.2-313(a). As Plaintiff still points only to Nuna's unactionable general marketing materials, her claim must fail. The express warranty claim fails because the pleadings do not identify any guarantee related to the alleged design defect.

Plaintiff's amended allegation that Nuna's "marketing, specifications, and informational materials" created express warranties cannot save her express warranty claim, because the marketing statements contained in the Second Amended Complaint constitute non-actionable statements of "puffery." "General, subjective, unverifiable claims about a product or service are 'mere puffery' . . . " and cannot give rise to actionable claims. *Gaines v. Valvoline LLC*, 2025 U.S. Dist. LEXIS 208177, at *6-8 (W.D. Wash. Oct. 22, 2025); *see also State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 436 P.3d 857 (2019) (citation and punctuation omitted) ("Mere puffery" described as "vague or highly subjective terms that cannot be substantiated," including "subjective statements, opinions, hyperbole, and other representations 'ordinary consumers do not take seriously'"). Puffery contrasts with facts, which are "specific and



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

measurable" and can be tested. *Oracle Int'l Corp. v. Rimini St., Inc.*, 123 F.4th 986, 1001 (2024); *see also Federal Signal Corp. v. Safety Factors*, 125 Wn.2d 413, 424, 886 P.2d 172 (1994) (more specificity makes it more likely a statement is a fact or promise); *State v. Living Essentials,* 436 P.2d at 870; *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 4 Wn.3d 580, 567 P.3d 38 (2025) (comparing puffery to representation of facts such as "the duration or availability of a promotion, its terms and nature, the cost of goods, and other facts Washington residents would depend on in making their consumer decisions").

The statements in Plaintiff's Second Amended Complaint that she claims create express warranties[3] are not testable, but rather are mere vague statements not capable of being substantiated—classic puffery:

- Nuna's car seats are "luxurious," "engineered for growth keeping baby to 'tween safe at every stage" and "mindfully manufactured with clean fabrics and brilliant innovation for guess-free installations." Dkt. # 72 at ¶ 3.

- Purchasers of Rava car seats can "trust in its unwavering security and focus on the memories that make the trip worthwhile." *Id.*

- Rava car seats are "uncomplicated," "un-fussy," and "exceed[ ] American safety standards," and purchasers could "relax and enjoy every magical, messy, covered-with-crumbs moment." *Id.* at ¶ 31.

- Nuna's products generally "are extensively tested before [they leave] the factory. We use advanced equipment and testing methods, going above and beyond what's required. To ensure compliance with safety standards, we regularly have our gear tested at accredited, independent labs." *Id.* at ¶ 145.

- Rava car seats are a "fan-favorite for security, ease-of-use, longevity and sleek design[]" and "a reliable anchor to your child's car-riding adventures and your parental peace of mind." *Id.* at ¶ 146.

[3] Only the statements listed in Paragraphs 145 & 146 of the Second Amended Complaint are actually listed in Count I (Breach of Express Warranty) of the Second Amended Complaint.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Such marketing statements are general statements regarding Nuna's products and the Rava car seats and are non-actionable puffery. *See Graham v. American Honda Motor Co.*, 2025 U.S. Dist. LEXIS 172369, at *54, n.10 (N.D. Ill. Sept. 4, 2025) (advertising claim that lawnmower "was so easy to start and reliable, you'll call it 'Old Dependable'" found to be puffery despite the lawnmowers' defect that led to the string not actually starting the lawnmowers). As explained by the Ninth Circuit, saying that a lamp was "far brighter than any lamp ever before offered for home movies" was a generalized statement of puffery, but making the advertising claim that the lamp had "35,000 candle power and 10-hour life" would make the statements actionable. *Oracle Int'l Corp.*, 123 F.4th at 1001. "Comparative assertions about effectiveness, riskiness, and security are the kinds of generalized statements of product superiority that we have routinely found to be nonactionable." *Id.* Here, the statements in the Second Amended Complaint are generalized marketing statements relating to security, safety and longevity and are the type of "generalized boasting upon which no reasonable buyer would rely." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997). "Where a court can conclude as a matter of law that a representation or omission does not have 'the capacity to deceive a substantial portion of the public,' dismissal at the pleading stage is appropriate." *Krakauer v. Rec. Equip., Inc.*, 2024 U.S. Dist. LEXIS 65346, at *32 (W.D. Wash. March 29, 2024) (*quoting Penner v. Chase Bank USA NA*, 457 App'x. 693 (9th Cir. 2011)); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986).

Finally, to recover for breach of an express warranty based on advertising claims, a plaintiff must demonstrate that he or she justifiably relied on the statement contained in the advertisement before purchasing. *See Reece v. Good Samaritan Hosp.*, 90 Wn. App. 574, 585,



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

953 P.2d 117 (1998); *Arrow Transp. Co. v. A.O. Smith Co.*, 75 Wn.2d 843, 848, 454 P.2d 387 (1969). Plaintiff's Second Amended Complaint, like the original Complaint, fails to do so. The Second Amended Complaint alleges, despite Plaintiff's complete silence on the matter in the original Complaint, that she reviewed Nuna's website "'at least a dozen times' in connection with her purchasing decision." Dkt. #72 at ¶ 98. She also claims for the first time that she was "aware of and relied on" Nuna's statements that its seats "[have] 'advanced equipment and testing methods,' 'regularly hav[ing its] gear tested at accredited, independent labs,' and the RAVAs being 'engineered for growth keeping baby to 'tween safe at every stage.'" Dkt. #72 at ¶ 99.

None of the statements that Plaintiff allegedly viewed and "relied" on are related to the Defect, which is described in the Second Amended Complaint as follows: "When debris enters [the] area [where the front adjuster button is located], it prevents the adjuster button from securely clamping on the adjuster strap, which loosens the harness and fails to keep the child secure in the seat (the 'Defect')." Dkt. #72 at ¶ 5. They relate to crash testing of Nuna's car seats generally, and unrelated aspects of Rava's engineering. As to statements relating Nuna's testing of its products generally, Plaintiff does not allege that those statements were false. Because the statements Plaintiff allegedly relied on are either unrelated to the specific Defect she alleges in her complaint or are not alleged to be false, they cannot sustain her breach of express warranty claim. *See In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1042 (W.D. Wash. 2025) (buyer's allegations that manufacturer warranted that its insulated cups were "free from any defect in workmanship or materials," despite the fact the cups contained lead, but without any allegation that the cups bore any defect in workmanship or materials, were insufficient to plead breach of an express warranty); *see also Maadanian v.*



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Mercedes-Benz USA, LLC*, No. 2:22-CV-00665-RSL, 2024 WL 1579658, at *6 (W.D. Wash. Apr. 11, 2024) (car manufacturer's express warranties to "correct defects in materials or workmanship" did not apply on their face to design defects, and so did not apply to buyer's contention that the design of the car's brake booster housing was inherently defective, as opposed to the result of defective materials or workmanship).

For any and all of these reasons, Count I should be dismissed.

**B. Plaintiff's Count for Failure to Disclose Material Facts (Count II) Should Be Dismissed.**

In prior motion practice and at oral argument on the first motion to dismiss, Plaintiff confirmed that this claim is one for negligent misrepresentation. Dkt. 27 at 16; Tr. at 27:13-14. The Court dismissed this claim, with leave to amend, holding: "Plaintiff has not adequately pleaded that Nuna had presale knowledge of the defect such that it could have disclosed it to plaintiff, assuming it had a duty to do so." Tr. at 35:10-15. Plaintiff's Second Amended Complaint does not and cannot cure the deficiency the Court identified for two independent reasons: 1) she fails to allege Nuna had a duty to disclose; and 2) the Washington Products Liability Act ("WPLA") preempts Plaintiff's claim.

A court may only find a duty to disclose where "there is a quasi-fiduciary relationship, where a special relationship of trust and confidence has been developed between the parties, where one party is relying upon the superior specialized knowledge and experience of the other, where a seller has knowledge of a material fact not easily discoverable by the buyer, and where there exists a statutory duty to disclose." Negligent misrepresentation—Elements, 16A Wash. Prac., Tort Law And Practice § 19:13 (5th ed.) (emphasis added). Privity of contract is generally required, and the type of persons "who are in the business of supplying information to others, and who may be held liable for negligent misrepresentation, is limited to certain



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

professionals, such as attorneys, surveyors, abstractors of title and banks." 37 C.J.S. Fraud § 78. "Absent one of these types of special relationships, there is no duty to disclose in Washington." *Id.; Colonial Imports v. Carlton Northwest, Inc.,* 121 Wn.2d 726, 731-32, 853 P.2d 913 (1993) (holding that "some type of special relationship must exist before the duty will arise" and no duty existed as a matter of law when there was no pre-existing special relationship between the parties and the defendant was not in the business of giving financial advice); *Repin v. State*, 198 Wn. App. 243, 278, 392 P.3d 243 (2017) (holding that where veterinarian did not provide financial information or business advice to customer there was no duty as a matter of law because negligent misrepresentation claims are limited to certain fiduciary situations).[4]

Plaintiff cannot meet these elements. There is no pre-existing relationship, much less a special relationship, between Plaintiff and Nuna. Nor is Nuna, as a product seller, in the "business of supplying information to others." Finally, as Plaintiff purchased her Rava from a third-party retailer, there was no business transaction and no privity between Plaintiff and Nuna. As such, Nuna did not – and could not – provide business advice or guidance to Plaintiff. For all of these reasons, there is no duty owed by Nuna to Plaintiff to support a negligent misrepresentation claim.

Last, Plaintiff's common law negligent representation claim must be dismissed because it is covered by the exclusive remedies of the WPLA. RCW 7.72 *et seq.* The WPLA was enacted in 1981 as part of tort reform to supplant a large variety of common law products liability claims that had proceeded in the courts on a case-by-case basis. *Id.* (Preamble). The legislature intended the WPLA to be the exclusive remedy for tort claims involving product

[4] Whether a special relationship or fiduciary relationship exists to create a duty is a question of law. *Colonial Imports,* 121 Wn.2d at 731.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

defects, except as specifically recognized by statute. *Cashatt v. Ford Motor Co.*, 2020 WL 1987077, at *2 (W.D. WA April 27, 2020) (citing definition of products liability claim in RCW 7.72.010). The WPLA defines a "products liability claim" as:

> any claim or action brought for harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the relevant product. It includes, but is not limited to, any claim or action previously based on: Strict liability in tort; negligence; breach of express or implied warranty; breach of, or failure to, discharge a duty to warn or instruct, whether negligent or innocent; **misrepresentation, concealment, or nondisclosure, whether negligent or innocent**; or other claim or action previously based on any other substantive legal theory except fraud, intentionally caused harm or a claim or action under the consumer protection act, chapter 19.86 RCW.

RCW 7.72.010(4) (emphasis added). While the WPLA expressly allows claims under the consumer protection act to proceed, by its plain terms it subsumes and preempts any tort-based claims for "misrepresentation, concealment, or nondisclosure, whether negligent or innocent."[5] *Id.* "Washington courts have recognized that the WPLA supplants common law claims based on concealment related to a product." *Cashatt*, 2020 WL 1987077, at *2 (holding that plaintiff's claim that "Ford knew about the defect with its vehicles but omitted/concealed that information from Plaintiffs and others…is, in essence, a products liability claim for which the WPLA is the exclusive remedy"); *see also Central Wash. Refrig., Inc. v. Barbee*, 81 Wn. App. 212, 913 P.2d 836 (1996), *overruled on other grounds* at 133 Wn.2d 509, 946 P.2d 760 (1997) (holding the

---

[5] Plaintiff's express warranty claim is not subsumed by the WPLA. While express and implied warranties are listed in the definition of "product liability claim," Washington law recognizes that there are two types of claims for breach of warranty – one that is tort-based under the WPLA and one that is contract-based under the Uniform Commercial Code. *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wn. 2d 334, 343, 831 P.2d 724 (1992) ("'Product liability claims' based on breach of express or implied warranties can be raised either in tort under the WPLA or in contract under the Uniform Commercial Code."). Warranty claims seeking recovery of pure economic losses are brought under the U.C.C. *Id.*



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WPLA preempts claims for misrepresentation). Plaintiff's negligent misrepresentation claim, which exclusively concerns misrepresentations about alleged product defects, is squarely preempted by the WPLA.

Count II is flawed for all of these reasons and should be dismissed.

### C. Plaintiff's Counts for Alleged Violations of the Washington Consumer Protection Act (Counts III and IV) Based on Claimed Misrepresentations Should Be Dismissed.

Plaintiff again attempts to plead causes of action for "unfair acts or practices" (Count III) and "deceptive acts or practices" (Count IV) under the Washington Consumer Protection Act, RCW 19.86, *et seq*. based on claimed misrepresentations concerning the Defect prior to her purchase in January 2024.

To make a claim for failure to disclose material facts under the Washington Consumer Protection Act, Plaintiff must plead: (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Training Stables, Inc.,* 105 Wn.2d at 784-85.

Plaintiff fails to sufficiently allege an injury to her business or property and also fails to plead with the requisite specificity that Nuna committed an "unfair or deceptive" act or practice.

#### 1. Plaintiff fails to allege an injury to her business or property for either of her CPA claims, and the CPA claims should be dismissed in their entirety.

Plaintiff alleges what amounts to two types of injuries for her CPA claims, neither plausibly or sufficiently.

First, she now alleges that her injury is "paying the full purchase price for a defective RAVA Car Seat and the diminishment in the value and useful life of the RAVA Car Seat." Dkt. #72 at ¶¶ 174 & 191. But Plaintiff in fact did not pay "full" price for her Rava. Plaintiff acknowledges that she purchased her Rava "on sale for $300, which is significantly discounted



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

from the standard price." Dkt. #72 at ¶ 97. And Plaintiff does not allege the diminished value of the Rava and whether it is less than the "significantly discounted" price she paid. Akin to *Montes v. Sparc Group LLC*, "Plaintiff only alleges the [Rava] w[as] not worth the listing price, but she does not allege that the [Rava] w[as] not worth the price she paid." 2023 WL4140836, at *3 (E.D. Wash. June 22, 2023); *see also Gerboc v. Context Logic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017) (noting no injury on $300 list price item that a plaintiff purchased as "a $27 item that was offered as a $27 item and that works like a $27 item"). Moreover, Plaintiff continues to use the Rava she purchased, Dkt. #72 at ¶ 122, contradicting her claimed injury that the Rava has a diminished useful life.

Second, she alleges she was further injured "by having to spend additional time and effort to identify the Defect, register for the Recall, perform the Harness Function Test, wait for the Remedy Kits, follow up with customer service regarding the Remedy Kits, attempt to repair their RAVAs with the Remedy Kits, and determine whether it was worthwhile to send their defective RAVAs for repair without a viable replacement option." Dkt. #72 at ¶ 176. These purported injuries are not injuries to Plaintiff's "business or property," as required under the CPA. Plaintiff was not deprived of the use of her property; she decided for herself not to ship it to Nuna for installation of the remedy kit, *id.* at ¶ 120, and continues to use the Rava, *id.* at ¶ 122. *Cf. Sorrel v. Eagle Healthcare, Inc.,* 110 Wn. App. 290, 298–99, 38 P.3d 1024, *review denied,* 147 Wn.2d 1016, 56 P.3d 992 (2002) (holding that deprivation of use of property for two weeks was an injury under the CPA). Damages for mental distress or inconvenience are not recoverable under the CPA, and thus cannot form the basis for an injury to business or property. *See Keyes v. Bollinger*, 31 Wn. App. 286, 296, 640 P.2d 1077 (1982). Finally, while pecuniary losses occasioned by inconvenience may constitute injury, *Sign–O–Lite Signs, Inc.*



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*v. DeLaurenti Florists, Inc.,* 64 Wn. App. 553, 825 P.2d 714 (1992), Plaintiff does not allege any such pecuniary losses based on the allegations in Paragraph 176.

Because Plaintiff has not adequately pled injury under either her unfair acts or deceptive acts claims, both must be dismissed.

**2. Plaintiff's CPA claims based on deceptive acts should be dismissed.**

"Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn. 2d 310, 317, 472 P.3d 990 (2020).

In the Second Amended Complaint, Plaintiff largely reiterates the bases for her deceptive act claims from the original Complaint and First Amended Complaint: Nuna's marketing statements regarding the Ravas' "safety." *See* Dkt. #72, at ¶¶ 183-84. These claims include that Nuna marketed the Rava as a "fan-favorite for security, ease-of-use, longevity and sleek design" providing "unwavering security," having been "extensively tested . . . going above and beyond what's required." *Id.* at ¶ 183. Plaintiff's misrepresentation-based CPA claims fail for the same reasons her express warranty claim fails—Plaintiff fails to allege any actionable misrepresentation of fact.

To the extent Plaintiff alleges that Nuna's October 2023 "refresh" of the RAVA without replacing existing stock with the new model violated the CPA, this theory likewise fails. *See* Dkt 72, ¶ 53.[6] A refreshed design of a product, developed years after the product was

---

[6] Although Plaintiff's Second Amended Complaint contains allegations in its "Factual Background" Section that were not pleaded in the Amended Complaint relating to Nuna's October 2023 "refresh" of the RAVA, Plaintiff does not amend any of the Causes of Action in her Second Amended Complaint to specifically reference the October 2023 refresh.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

manufactured,[7] is not relevant to "whether the product was reasonably safe at the time it was made." *Gauthier v. AMF, Inc.*, 788 F.2d 634, 638 (9th Cir. 1986); *see also Holmes v. Sahara Coal Co.*, 131 Ill. App.3d 666, 673, 475 N.E.2d 1383 (1985) (defendant's stipulation that "it was feasible to design a tractor upon which plaintiff would not have been injured cannot reasonably be characterized as a concession that [the defendant's] actual design resulted in a defective product"). Thus, it is axiomatic that a refresh does not necessarily reflect knowledge that a prior design was defective.

## IV. CONCLUSION

Defendant, Nuna Baby Essentials, Inc., respectfully requests that this Court enter an Order dismissing the Plaintiff's Express Warranty, Negligent Misrepresentation, and CPA claims (except the unfair acts claim based on purported ineffective recall) as requested herein with prejudice, and for such further or alternative relief as this Court deems just and appropriate.

DATED September 25, 2026.

I certify that this memorandum contains 5,690 words, in compliance with the Local Civil Rules

CORR CRONIN LLP

*s/ Emily J. Harris*
Blake Marks-Dias, WSBA No. 28169
Emily J. Harris, WSBA No. 35763
Kristin E. Bateman, WSBA No. 54681
1015 Second Ave., Floor 10
Seattle, WA 98104
(206) 625-8600 Phone (206) 625-0900 Fax

[7] The Second Amended Complaint alleges the manufacturing date code on the Product is "2022/12/10." Dkt. #72 at ¶ 94.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

bmarksdias@corrcronin.com
eharris@corrcronin.com
kbateman@corrcronin.com

CROWELL & MORING LLP
Robert A. Mantel (*admitted pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 223-4000 Phone (212) 223-4134 Fax
rmantel@crowell.com

Scott L. Winkelman (*admitted pro hac vice*)
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500 Phone (202) 628-5116 Fax
swinkelman@crowell.com

Valerie M. Goo (*admitted pro hac vice*)
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
(213)-622-4750 Phone (213) 622-2690 Fax
vgoo@crowell.com

GOLDBERG SEGALLA LLP
David S. Osterman (*admitted pro hac vice*)
301 Carnegie Center Drive, Suite 200
Princeton, NJ, 08540-6587
P.O. Box 580
Buffalo, NY 14201
(609) 986-1300 Phone (609) 986-1301 Fax
dosterman@goldbergsegalla.com

***Attorneys for Defendant Nuna Baby Essentials, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies as follows:

I am employed at Corr Cronin, LLP, on September 25, 2026, I caused the foregoing to be served on the following parties in the manner indicated below:

***Counsel for Plaintiff:***

Beth E. Terrell, WSBA No. 26759
Elizabeth A. Adams, WSBA No. 49175
Benjamin M. Drachler, WSBA No. 51021
TERRELL MARSHALL LAW GROUP PLLC
Lake Union Building
1700 Westlake Ave. North, Suite 300
Seattle, Washington 98109
Tel.: (206) 816-6603 | Fax: (206) 319-5450
bterrell@terrellmarshall.com
eadams@terrellmarshall.com
bdrachler@sterrellmarshall.com
lmurray@terrellmarshall.com

☒ CM/ECF
☒ Email

Dustin L. Schubert, *(pro hac vice)*
Sonum Dixit, *(pro hac vice)*
SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street | Suite 200
San Francisco, California 94123
Tel.: (415) 788-4220 | Fax: (415) 788-0161
dschubert@sjk.law
sdixit@sjk.law

☒ CM/ECF
☒ Email



**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

***Co-Counsel for Defendant Nuna Baby Essentials, Inc.:***

| | |
|---|---|
| David Osterman *(pro hac vice)*<br>GOLDBERG SEGALLA LLP (NJ)<br>301 Carnegie Center, Ste. 200<br>Princeton, NJ 08540<br>Tel.: (609) 986-1300 \| Fax: (609) 986-1301<br>dosterman@goldbergsegalla.com | ☒ CM/ECF<br>☒ Email |
| Robert Mantel *(pro hac vice)*<br>CROWELL & MORING LLP (NY)<br>Two Manhattan West<br>375 Ninth Ave.<br>New York, NY 10001<br>Tel.: (212) 590-5439 \| Fax: (212) 223-4134<br>rmantel@crowell.com<br>KBarnholtz@crowell.com<br>BNikka@crowell.com | ☒ CM/ECF<br>☒ Email |
| Scott L. Winkelman *(pro hac vice)*<br>CROWELL & MORING LLP (DC)<br>1001 Pennsylvania Ave. NW<br>Washington, DC 20004-2595<br>Tel.: (202) 624-2972 \| Fax: (202) 628-5116<br>swinkelman@crowell.com | ☒ CM/ECF<br>☒ Email |
| Valerie Goo *(pro hac vice)*<br>CROWELL & MORING LLP (LA)<br>515 S Flower Street, 41st Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 622-4750 \| Fax: (213) 622-2690<br>vgoo@crowell.com | ☒ CM/ECF<br>☒ Email |

*s/ Elizabeth Roth*
Elizabeth Roth, Legal Assistant
eroth@corrcronin.com